SEWALL F. BELKNAP *versus* SIMON MILLIKEN.

The owner of goods stolen cannot maintain a civil action for the injury, till after the conviction or acquittal of the party charged with the taking.

THIS case came before the Court upon the following bill of exceptions from the Western District Court, GOODENOW J. presiding.

Trover against the defendant for one barrel of beef, one barrel of pork, four barrels of flour, and five and a half bushels of corn.

The plaintiff alleged that on Saturday evening the nineteenth of February, 1842, one Patrick Kelley, a sub-contractor under the plaintiff, who was the contractor for the construction of the Portsmouth, Saco and Portland rail road, feloniously stole the property in question with other articles from the plaintiff, at Wells, and afterwards, on the next day, about eleven o'clock, A. M. sold the property in dispute to the defendant, at Scarborough. The articles in question were obtained at the office or store of the plaintiff, and were delivered to the said Kelley by the plaintiff's clerk, and charged to him upon the plaintiff's books, in which he charged goods sold and

delivered to others at work on said rail road, but as the plaintiff alleged, under such circumstances as to constitute larceny. To prove the larceny by Kelley, the plaintiff offered to prove, that one Murray, a partner with Kelley in his job on the rail road, at the time Kelley was obtaining the property in question from the plaintiff, went to one John Belknap at Elliot, with carts and horses belonging to the plaintiff, and represented to him that he was sent to obtain other articles, similar to those in question, by the clerk of the plaintiff, that the articles were delivered to Murray, and that after obtaining them, he joined Kelley with the property the same night, and proceeded with him to Portland, where the last named articles were concealed, and had not since been found, said Kelley and Murray having both absconded, and that the representations of said Murray to said John Belknap were false. The Court, GOODENOW J. presiding, rejected the evidence as inadmissible.

The plaintiff, to show the felonious taking by Kelley, further offered to prove that horses and carts, the property of the plaintiff, and the same in which the alleged stolen property was brought from Wells, were concealed by said Kelley in various places in Portland, that other and different articles were taken at the same time and manner by said Kelley, and the same description of articles with the initials of the plaintiff, and the marks of the Rail Road Company on them, but not otherwise identified, were found concealed away in various places in Portland, but the presiding Judge rejected the testimony.

The Judge, in his charge to the jury, instructed them that a sale of the articles, made in good faith by Kelley to the defendant on Sunday was valid, if there was no other objection to it, and would pass a good title to the defendant. The jury found a verdict for the defendant.

To which rulings the plaintiff excepted.

*Codman & Fox* argued for the plaintiff, citing 4 Shepl. 469 ; 2 Russ. on Cr. 698 ; 3 Fairf. 518 ; 4 Greenl. 172 and 320 ; 1 Kent, 467 ; 5 B. & Cr. 406 ; 4 Bingh. 84 ; 5 B. & Ald. 335 ; 6 Ver. R. 219 ; 6 Watts, 231 ; 2 Conn. R. 541.

Belknap *v.* Milliken.

*H. B. Osgood,* argued for the defendant, citing 22 Pick. 18; 20 Wend. 267; 16 Maine R. 77; 18 Maine R. 393; 15 Maine R. 236; 10 Mass. R. 312; 13 Wend. 425; 15 Pick. 465; 16 Pick. 250; 17 Pick. 106.

The opinion of the Court was by

WHITMAN C. J. — It is not easy to perceive how it could have happened, that this cause, which is an action of trover, should have been suffered to proceed to a verdict in the District Court, and to an argument in this Court, upon exceptions taken in that Court, without the slightest reference to the well known principle, that it is against the policy of the law to suffer a civil action to proceed, when it is attempted to be supported upon the ground, that the plaintiff had been deprived of his property by means of a felonious taking, without proof, at the same time, of any conviction or acquittal of the felon. The bill of exceptions sets forth, that the plaintiff alleged, that one Patrick Kelley feloniously stole the property in question from the plaintiff, and sold it to the defendant. If so the cause of action was so far merged in the felony, that it cannot be maintained, until after due proceedings had *criminaliter,* against the felon, which shall have resulted in his conviction or acquittal. This point was fully considered, and so ruled, in the case of *Boody* v. *Keating,* 4 Greenl. 164. To sustain the exceptions in this case would therefore, be availing to the plaintiff, as the decision of the cause, if a new trial were granted must be the same in effect as it was in the District Court. The plaintiff, therefore, not having been aggrieved by the decision in that Court, his exceptions must be overruled, and judgment on the verdict affirmed.

NOTE BY THE REPORTER. — By the Statute of March 16, 1844, it was enacted, "that in all actions now pending, or which may hereafter be commenced, for the recovery of stolen property, or the value thereof, such action may be maintained by the party injured against any party legally accountable, although the offender may not have been convicted of the theft or larceny.